UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID BROOKS,

                Petitioner,

     -against-

KEYSER,

                Respondent.

20-CV-3403 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Petitioner David Brooks ("Petitioner"), proceeding *pro se*, brings this petition for a writ of *habeas corpus* (the "Petition"). (*See* Dkt. No. 1) To proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or submit a signed request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. *See* 28 U.S.C. §§ 1914, 1915.

    Petitioner submitted the Petition without the filing fee or an IFP application. Within thirty days of the date of this Order, Petitioner must either pay the $5.00 filing fee or complete and submit the attached IFP application. If Petitioner submits the IFP application, it should be labeled with docket number 20-CV-3403. If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

    The Court notes as well that the instant Petition seeks a "Writ in 'extraordinary circumstances for relief,' pursuant to 28 USC 255(a)." (Dkt. No. 1.) As Petitioner is currently serving a state sentence, *see Brooks v. Artuz*, No. 98-CV-4449, 1999 WL 138926, at *1 (S.D.N.Y. Mar. 15, 1999) (denying Petitioner's prior petition for writ of habeas corpus and noting that Petitioner is serving "consecutive and indeterminate terms of incarceration of eight and a half to twenty-five years" on seven counts of rape in the first degree), the Court liberally construes the

Petition as seeking relief under 28 U.S.C. § 2554(a). However, unlike 18 U.S.C. § 3582(c)(1)(A), to which Petitioner refers implicitly when he cites *United States v. Perez*, No. 17-CR-513-3, 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (granting a reduction in a federal term of imprisonment due to COVID-19), 28 U.S.C. § 2554(a) does not permit a federal court reduce a state prison sentence for "extraordinary and compelling reasons." *See Phea v. Pfeiffer*, No. 20-CV-00283, 2020 WL 1892427, at *1 (E.D. Cal. Apr. 16, 2020) ("[T]his form of relief through the CARES Act is available to *federal* prisoners incarcerated at Bureau of Prisons facilities, of which petitioner is not. This motion should be denied on this basis alone.").

Moreover, petitions brought under 28 U.S.C. § 2554 "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). Petitioner has provided no indication that he has exhausted state remedies or that such remedies are unavailable. The exhaustion requirement would apply even if the Court construed Petitioner's application under 28 U.S.C. § 2241. *See Mays v. Dart*, No. 20-CV-2134, 2020 WL 1987007, at *14 (N.D. Ill. Apr. 27, 2020) ("Section 2241 has no express exhaustion requirement, but courts apply a common-law exhaustion rule . . . A pretrial detainee must "exhaust all avenues of state relief" before seeking a writ of habeas corpus through a section 2241 action."). Simply put, Petitioner needs to explain either that he has exhausted his state remedies by, for example, seeking release from prison in the New York State Courts, including the court that sentenced him, or why the exhaustion requirement should be excused here.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. If Petitioner complies with this Order, the case shall be processed in accordance

with the procedures of the Clerk's Office. If Petitioner fails to comply with this Order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 13, 2020
White Plains, New York

KENNETH M. KARAS
United States District Judge

3