UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID BROOKS,

                        Petitioner,

                -v-

KEYSER,

                        Respondent.

No. 20-CV-3403 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      David Brooks ("Petitioner"), proceeding pro se, filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 on April 30, 2020. (*See* Dkt. No. 1) Because Petitioner did not pay the $5.00 filing fee or submit a signed request to proceed in forma pauperis ("IFP") as required, the Court issued an Order on May 13, 2020, directing Petitioner either to pay the filing fee or submit an IFP application. (*See* Dkt. No. 4.) In that Order, the Court further directed Petitioner "to explain either that he has exhausted his state remedies by, for example, seeking release from prison in the New York State Courts, including the court that sentenced him, or why the exhaustion requirement should be excused here." (*Id.* at 2; *see also id.* (explaining that "petitions brought under 28 U.S.C. § 2554 'shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State'" (quoting 28 U.S.C. § 2254(b)(1))). The Court further explained that, "[i]f Petitioner fails to comply with this Order within the time allowed, the [A]ction will be dismissed." (*Id.* as 3.) Although Petitioner paid the required filing fee, (*see* Dkt. (entry dated June 10, 2020)), he did not respond to the Court's request regarding the exhaustion requirement, (*see generally* Dkt.).

Accordingly, the Court has not, to date, filed an Order to Answer, and Respondent Keyser therefore has not appeared.[1]

In light of the lack of subsequent activity in this case since 2020, the Court conducted a search for Petitioner using his Department Identification Number ("DIN"), which is reflected on the docket of this Action. (*See generally* Dkt.) Using the "Lookup" feature of the New York Department of Corrections and Community Supervision ("NY DOCCS") website, the Court discovered that, unfortunately, Petitioner passed away on or around March 3, 2021. *See Incarcerated Lookup*, NY DOCCS, http://nysdoccslookup.doccs.ny.gov/ (last visited Feb. 6, 2024) (search using DIN 89A4087).

When a habeas petitioner dies while their petition is pending, federal courts have consistently concluded that their death renders their habeas case moot. *See Grant v. Gonyea*, No. 18-CV-7720, 2021 WL 1422811, at *1–2 (S.D.N.Y. Mar. 8, 2021) (collecting cases); *see also Ruiz v. Superintendent*, No. 18-CV-1129, 2022 WL 866604, at *1 (N.D.N.Y. Mar. 23, 2022) (same); *cf. Lockhart v. McCree*, 476 U.S. 162, 168 n.2 (1986) (noting, with no analysis, that when a habeas petitioner died prior to the district court's decision on his petition, "his case became moot"); *Krantz v. United States*, 224 F.3d 125, 127 (2d Cir. 2000) (per curiam) (noting, in the § 2255 context, that the panel did "not disagree" with other circuits' "general practice" of vacating district courts' "habeas ruling[s] and remand[ing] with instructions to dismiss the case" when petitioners died while their appeals were pending). As another court in this District has explained, habeas petitioners ultimately seek "release from custody." *Grant*, 2021 WL 1422811,

---

[1] On May 15, 2020, the Court issued a separate Order, directing the Clerk of Court to file as an Amended Petition for a Writ of Habeas Corpus (the "Amended Petition") a nearly identical petition Petitioner had filed in a separate action. (*See* Dkt. No. 5; *see also* Dkt. No. 1 (20-CV-3642 Dkt.).) The Clerk of Court filed the Amended Petition in this Action that same day. (*See* Dkt. No. 6.)

at *2.  A petitioner's death, however, "necessarily means that he is no longer 'in custody'" within the meaning of 28 U.S.C. § 2254(a).  *Id.*  "Thus[, a c]ourt can no longer grant the relief [the petitioner] sought."  *Id.* (citing *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (holding that a habeas petition is not moot so long as the court could grant some relief)).

This Court sees no reason to deviate from this consistent and well-reasoned approach here.  Accordingly, the Court dismisses the Amended Petition as moot in light of Petitioner's death.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   February 7, 2024
         White Plains, New York

                                              KENNETH M. KARAS
                                        United States District Judge